**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| GREGORY DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>MARTA/MARTA-ATU LOCAL 732,<br><br>Defendant. | CIVIL ACTION NO.: 2:26-cv-93 |

**O R D E R**

Plaintiff filed this cause of action and claims that Defendant violated the terms of a collective bargaining agreement. Doc. 1. Plaintiff lives in Forest Park, Georgia, and he provided an Atlanta, Georgia address for Defendant.[1] Id.

A district court may raise the issue of defective venue sua sponte. Collins v. Hagel, No. 1:13-CV-2051, 2015 WL 5691076, at *1 (N.D. Ga. Sept. 28, 2015) (citing Kapordelis v. Danzig, 387 F. App'x 905, 906–07 (11th Cir. 2010) (affirming sua sponte transfer, in accordance with 28 U.S.C. § 1406(a), of pro se prisoner's civil rights action from New York to Georgia), and collecting cases)). When venue is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). "The court may transfer the case if (1) the proposed transferee court is one in which the action 'could have been brought' and (2) transfer would be 'in the interest of justice.'" Leach v. Peacock, Civil Action No. 2:09cv738, 2011 WL 1130596, at *4 (M.D. Ala. Mar. 25, 2011) (citing 28 U.S.C. § 1406(a)). Trial courts generally have broad discretion in determining

[1] Forest Park is in Clayton County, Georgia. Even if the events giving rise to Plaintiff's claims occurred in Clayton County, the Atlanta Division of the Northern District of Georgia is still the proper venue. 28 U.S.C. § 90(a)(2).

whether to transfer or dismiss a case. Id. (citing England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988)).

This Court is not the proper venue to hear Plaintiff's claims against the named Defendant. Section 1391(b) of Title 28 of the United States Code sets forth the applicable venue provisions:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff complains about events occurring in Fulton County, Georgia, which is within the Northern District of Georgia. 28 U.S.C. § 90(a)(2). Thus, venue is proper in that District. 28 U.S.C. § 1391(b)(1), (2). Accordingly, the Court **TRANSFERS** Plaintiff's Complaint and this case to the Atlanta Division of the United States District Court for the Northern District of Georgia in the interest of justice.

**SO ORDERED**, this 4th day of September, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA